IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 14, 2001 Session

## CAROLYN ATTAWAY v. DENVER ATTAWAY

**Direct Appeal from the Circuit Court for Hamilton County**
**No. 99D2177      Hon. Jacqueline E. Schulten, Circuit Judge**

**FILED APRIL 16, 2001**

**No. E2000-01338-COA-R3-CV**

In this action to collect child support ordered in the State of Georgia, the Trial Court Ordered the foreign judgment registered in the Circuit Court, allowed a credit for Social Security payments, and denied the defense of statute of limitations. We affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and CHARLES D. SUSANO, JR., J., joined.

Mitchell A. Byrd, Chattanooga, Tennessee, for Appellant.

Paul G. Summers, Attorney General and Reporter and Stuart F. Wilson-Patton, Assistant Attorney General, Nashville, Tennessee, for Appellee.

#### OPINION

In this action to register and enforce a foreign judgment, the Trial Court recognized and enforced the 1978 divorce decree of the parties, which was entered in September 1978, by the Superior Court of Whitfield County, Georgia.

The parties' Marital Dissolution Agreement incorporated by reference in the Georgia Decree, obligated the defendant to pay child support in the amount of $200.00 per month, beginning

in September 1978 and continuing until the child reached age 18, married, died or became self-supporting. The defendant was also ordered to pay health insurance for the child, along with one half of the medical expenses not covered by insurance, less a $25.00 deductible.

In response to the Petition, defendant filed a Motion to Dismiss and a Plea of Res Judicata stating that all matters had been resolved in favor of Defendant by Decree of the District Court of Oklahoma County, State of Oklahoma. The documents from the Oklahoma Court which were admitted in evidence show that the case in Oklahoma was dismissed without prejudice.

The Trial Court ultimately awarded plaintiff a judgment for child support arrearages, health insurance premiums and reimbursement of medical expenses. The defendant was given a credit against his child support payments for the period of January 1991 through 1996 for payments made to the child by the Social Security Administration, but the Court denied the plaintiff's request for reimbursement for the cost of the child's extraordinary educational expenses.

On appeal, the defendant insists that the Trial Court erred in determining that no portion of Plaintiff's claim for child support arrearages, was barred by any statute of limitations.

Our review, on appeal, is *de novo* upon the record, with a presumption of correctness as to the Trial Court's factual determinations, unless the evidence preponderates otherwise. Rule 13(d), T.R.A.P.; *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993). The Trial Court's conclusions of law, however, are accorded no such presumption. *Campbell v. Florida Steel Corp.*, 919 S.W.2d 26, 35 (Tenn. 1996).

Tennessee Code Annotated § 28-3-110 provides that "[a]ctions on judgments and decrees of courts of record of this or any other state" are to be "commenced within ten years after the cause of action accrued." At issue before us is whether this statute is applicable to this case.

Effective July 1, 1997, prior to the filing of Plaintiff's petition, the Tennessee Legislature enacted the following statutory provision:

> Judgments for child support payments for each child subject to the order for child support pursuant to this part shall be enforceable without limitation as to time.

Tenn. Code Ann. § 36-5-103(g) (Supp. 1997) (amended by 1997 Tenn. Pub. Acts 551).

We conclude that the case of *Anderson v. Harrison*, 1999 WL 5057 (Tenn. Ct. App. Jan. 7, 1999), which is nearly identical to the facts before us, controls the outcome on this issue. In *Anderson*, the parties were divorced in 1981 with two minor children, the youngest born in July of 1970. Plaintiff filed a petition in October 1997 to recover child support arrears for the period from 1981 to 1989, and the Trial Court applied the ten year statute of limitations and only allowed recover for nine months of child support, covering the period from October 1987 until July 1988. This Court reversed, granting support from the date of the divorce. The Court determined that the

amendment to T.C.A. § 36-5-103(g) precluded the defense of time.

> In short, this amendment effectively has resolved any uncertainty as to the applicability of the ten-year statute of limitations by providing that child support orders shall be enforceable without limitations as to time.

> In light of the foregoing amendment, we conclude that the trial court erred in ruling that the ten-year statute of limitations barred most of the Plaintiff's claim for child support arrearages in this case. Accordingly, we remand this case for the trial court to determine the additional amount of child support arrearages due for the period from December 1981, when the final divorce decree was entered, until October 1987.

*Anderson*, 1999 WL 5057 at *4.

In light of the amendment to Tenn. Code Ann. § 36-5-103(g) and its application in *Anderson*, we conclude the Trial Court correctly awarded arrearages for the full period dating back to the divorce in 1978.

Defendant argues that in *Anderson*, there was no "judgment" for support at the time of the divorce because the order only required the father to pay a "reasonable amount of support," and that the final judgment in the case came only after the October 1997 petition when the Court determined what constituted a reasonable amount. However, the *Anderson* decision made it clear that while its order of support was not a retroactive modification of a prior support award, the initial decree included a "binding promise" for support that constituted an enforceable judgment. *Id.*, at 1999 WL 5057 at *5. Cases prior to the amended T.C.A. § 36-5-103(a) cited and argued by the parties are not controlling. In this regard, the defendant argues that considering the ten-year statute of limitations in *pari materia* with T.C.A. § 36-5-101(a)(5) and § 36-5-103(g) as amended in July 1997, the ten year statute of limitations "necessarily" began to run "as to each child support payment on the date that payment became a judgment, and this conclusion is mandated by T.C.A. § 36-5-101(a)(5)." However, we do not find this was intended when reading § 36-5-103(g) together with § 36-5-101(a)(5). Moreover, defendant's construction of the statutes would render § 36-5-103(g) meaningless.

Plaintiff did not go into court earlier and have defendant declared in arrears and establish the amount then due. The obligation for support throughout the child's minority was a continuing obligation, and by petitioning the Tennessee courts for registration of the foreign judgment, plaintiff was not seeking modification of the child support order, but simply its enforcement as written. This analysis is supported by the case of *County of San Mateo, Calif. v. Green*, 2001 WL 120729 (Tenn. Ct. App. Feb. 4, 2001).

The child began receiving defendant's Social Security payments in December of

1991, which consisted of a lump sum payment of a little more than $4,000.00 which represented ten months of benefits, followed by $420.00 per month until January 1996. The Trial Court gave defendant credit for these payments to the extent of his obligation between January 1991 and January 1996, but did not give credit for the excess $220.00 per month that the child received. Defendant argues he should have credit for the full amount paid.

The "overwhelming majority of courts allow credit for Social Security payments against court ordered child support for the same period as payment." *Sherrell v. Sawyer*, 1987 WL 12498, *6 (Tenn. Ct. App. June 19, 1987). In *Sherrell*, the Court said:

> [W]here the father has been ordered to make child support payments becomes totally and permanently disabled, and unconditional Social Security payments for the benefit of the minor children are paid to the divorced mother, the father is entitled to credit for such payments by the government against his liability for child support under the divorce decree.

*Id.* at *6.

The Trial Court held that while the defendant should be given credit for the child support for the period in which Social Security support payments were made, the defendant was not entitled to a credit for "overpayments". The Trial Court apparently concluded that the amount paid by Social Security was not in excess of the needs of the child for its support. This case is distinguishable from the facts of *Sherrell* and the authorities cited in *Sherrell*. In this case there was an absent father who had not been making payments and was not easily brought into court for possible modification of the award. *Sherrell* deals with a specific situation arising when a parent becomes unable due to disability to continue their support payments until they begin receiving Social Security Disability benefits. In those cases, the courts found it equitable to apply any excess to the time between the onset of disability and the receipt of benefits. We conclude the Trial Court properly found in this case it was proper to apply a credit only as to the amount owing during the time of Social Security payments, because the Court felt all the Social Security payments were needed for the current child support.

Plaintiff argues the Trial Court erred in failing to consider the extraordinary educational expenses when calculating the Judgment. Plaintiff spent $36,322.15 in education expenses, because the child had special needs, and relies on *Barnett v. Barnett*, 27 S.W.3d 904 (Tenn. 2000). The Court properly did not allow the expenses, because the Court did not have jurisdiction to modify the Georgia support Order which did not contain a provision for educational expenses.

The statute governing subject matter jurisdiction of Tennessee courts over child support orders issued by other states is within the Uniform Interstate Family Support Act (UIFSA), codified at T.C.A. §§ 36-5-2001 to 2902. After the child support order of another state is registered in Tennessee, a Tennessee court may modify it if:

(1) The following requirements are met:

>(i) The child, the individual obligee, and the obligor do not reside in the issuing state;

>(ii) A petitioner who is a nonresident of this state seeks modification; and

>(iii) The respondent is subject to the personal jurisdiction of the tribunal of this state; or

(2) The child, or a party who is an individual, is subject to the personal jurisdiction of the tribunal of this state and all of the parties who are individuals have filed written consents in the issuing tribunal for a tribunal of this state to modify the support order and assume continuing, exclusive jurisdiction over the order.

T.C.A. § 36-5-2611(a) (1998). If the requirements of the previous section are not met, another section provides for subject matter jurisdiction when both parties reside in Tennessee and the child does not reside in the issuing state. See T.C.A. § 36-5-2613 (1998). Under UIFSA, Tennessee courts only have subject matter jurisdiction for the very specific situations described.

The facts of this case do not come within the situations for which Tennessee courts have subject matter jurisdiction. Plaintiff is a resident of Tennessee, and under T.C.A. § 36-5-2611(a), the plaintiff must be a non-resident of Tennessee. Under T.C.A. § 36-5-2613, both parties must be residents of Tennessee. Defendant is a resident of Arizona (at the time he was served with the petition), Accordingly, the Trial Court did not have jurisdiction to increase the judgment for educational expenses against defendant.

The judgment of the Trial Court is affirmed, and the cause remanded, with the cost of the appeal assessed to Denver Attaway.

_____
HERSCHEL PICKENS FRANKS, J.